UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERNIE BELENCION and ROMELEAN BELENCION,

    Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.

Case No. 1:19-cv-08491

## COMPLAINT

NOW COME Plaintiffs, ERNIE BELENCION and ROMELEAN BELENCION, through undersigned counsel, complaining of Defendant, SELECT PORTFOLIO SERVICING, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiffs are seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. ERNIE BELENCION and ROMELEAN BELENCION ("Ernie" individually, "Romelean" individually, "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times relevant resided in Bloomingdale, Illinois.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

1

6. SELECT PORTFOLIO SERVICING, INC. ("Defendant") is a corporation organized under the laws of Utah.

7. Defendant has its principal place of business at 3217 South Decker Lake Drive, Salt Lake City, Utah 84119-3284.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as they regularly collect or attempt to collect debt owed or due another.

## FACTUAL ALLEGATIONS

10. On April 7, 2007, Plaintiffs executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Bank, FSB.

11. The Mortgage secured the purchase of Plaintiffs' personal residence located at 204 Seneca Trail, Bloomingdale, Illinois 60108 (the "Property").

12. The Mortgage secured the repayment of the indebtedness evidenced by an interest only fixed rate balloon note in the amount of $77,200.00 (the "Loan").

13. The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. On March 1, 2017, Plaintiff defaulted on the Loan by failing to make monthly payments.

15. On March 31, 2017, Plaintiffs filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

16. On or before April 13, 2017, MERS executed an Assignment of Mortgage in favor of Bank of America, N.A.

17. On May 3, 2017, Bank of America, N.A. filed a proof of claim (Claim #7-1).

18. In its proof of claim, Bank of America, N.A. stated that it held a secured claim for $76,438.27 and further stated the amount needed to cure default was $617.14.

19. The confirmed Chapter 13 Plan, dated July 20, 2017 (the "Confirmed Plan"), provided:

20. The Confirmed Plan provides:

**Section E.** *Disbursements by the trustee.* The trustee shall disburse payments received from the debtor under this plan as follows:

> 3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):
>
>> (a) To Creditor: **Bank of America, N.A.;** Collateral: **204 Seneca Trail, Bloomingdale, Illinois 60108**; Amount of secured claim: **$76,438.27**; APR: **5.5%**; Fixed monthly payment: **$1,460.06**; Total estimated payments, including interest, on the claim: **$87,603.57**.

21. Plaintiffs have made each trustee payment without fail.

22. Accordingly, every month following confirmation, Bank of America, N.A. collected $1,460.06.[1]

23. Between August 11, 2017 and November 8, 2019, the trustee made $40,330.60 in principal disbursements to Bank of America, N.A.

24. Between August 11, 2017 and November 8, 2019, the trustee made $6,299.24 in interest disbursements to Bank of America, N.A.

---

[1] On August 11, 2017, the trustee disbursed $7,208.22 to Bank of America, N.A.

25. On or before November 27, 2019, servicing rights to Plaintiff's Mortgage were transferred to Defendant.

26. On December 13, 2019, Defendant mailed Plaintiff's monthly mortgage statement (the "Mortgage Statement").

27. The Mortgage Statement provided, in part:

Post-Petition Due Date: 10/01/2019
Statement Due Date: 01/01/2019
**Payment Amount: $5,840.24**

| Explanation of Payment Amount (Post Petition) | |
|---|---|
| Principal | $1,290.47 |
| Interest | $169.59 |
| Escrow (Taxes and Insurance) | $0.00 |
| **Regular Monthly Payment** | **$1,460.06** |
| Other Charges and Fees | $0.00 |
| Charges/Fees this Period | $0.00 |
| Past Unpaid Amount(s) | $4,380.18 |
| Unapplied Payment(s) | $0.00 |
| **Total Payment Amount** | **$5,840.24** |

28. The Mortgage Statement included a detachable payment coupon with payment instructions.

29. The Mortgage Statement is a "communication" as defined by 15 U.S.C. § 1692(a)(2).

30. Plaintiffs suffered from confusion and emotional distress as they believed that trustee payments had not been sent to Bank of America, N.A. (or Defendant).

31. Receiving this Mortgage Statement lead Plaintiffs to believe that they needed to return recently-purchased Christmas gifts in order to cure this *alleged* $4,380.18 default.

32. Concerned, Plaintiffs sought counsel to ensure that Defendants' unlawful collection practices stopped.

33. Accordingly, Plaintiffs were forced to expend time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

35. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>   (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), and e(10).

36. Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A). *See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 59 (D. Mass. 2012) (citing *Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877, 2010 WL 2490734, at *3 (11th Cir. 2010)).

37. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by falsely stating that (1) Plaintiffs owed $5,840.24; and (2) Plaintiffs were $4,380.18 overdue.

38. As plead above, Chapter 13 Trustee disbursements were made to Bank of America, N.A. every month *in accordance with Plaintiffs' Confirmed Plan*.

39. Accordingly, Plaintiff *did not* owe $5,840.24 by January 1, 2020, and *was not* $4,380.18 past due on payments.

40. Plaintiffs may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiffs request the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. award any actual damage sustained by Plaintiffs as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: December 30, 2019

Respectfully submitted,

**ERNIE BELENCION and ROMELEAN BELENCION**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com